

**LS**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GEIGER <br><br> Plaintiff <br><br> vs. <br><br> LAW OFFICE OF VINCENT P. CIGNARALE, LLC <br><br> Defendant | Case Number 10 5068 <br><br> CIVIL COMPLAINT <br><br> JURY TRIAL DEMANDED |

**FILED**

SEP 28 2010

MICHAEL E. KUNZ, Clerk
By_____JV_____Dep. Clerk

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Michael Geiger, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, Michael Geiger, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which

prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides here and the Defendant transact business here.

## III. PARTIES

4. Plaintiff, Michael Geiger, is an adult natural person residing at 338 W. Nesquehoning St., Easton, PA 18042. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Law Office of Vincent P. Cignarale, LLC at all times relevant hereto, is and was a Limited Liability Company engaged in the business of collecting debt within the Commonwealth of Pennsylvania and has a principal place of business located at 5100 Transit Road, Depew, New York, 14043-4465.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

8. Plaintiff began to receive calls in June 2010 from Defendant regarding an alleged debt owed to Cash Net USA.

9. Plaintiff has received dozens of phone calls to his employer despite previously informing Defendant's agents that he cannot receive calls at work.

10. Defendant has called Plaintiff's co-workers, his ex in-laws and a previous employer and divulged information about the debt through an automated recording that details exactly why Defendant is calling.

11. In June 2010, Plaintiff made one $50.00 payment and a second $60.00 payment was scheduled in August 2010, but when the amount was debited, Defendant actually charged $67.00 without Plaintiff's consent.

12. On Tuesday, September 7, 2010 Plaintiff received a voicemail from "William Childs", an agent of Defendant, who said a 'request of employment verification' was placed with the Human Resources department at Plaintiff's employer, and if he does not return their call it will directly affect him.

13. Plaintiff interpreted the voicemail from "William Childs" as a threat of administrative wage garnishment.

13. Plaintiff has not received any written notification of a pending civil complaint or a potential wage garnishment, thereby, creating a false sense of urgency that a wage garnishment is imminent if he does not return Defendant's phone call.

14. Plaintiff has not received a thirty day validation notice or any other written communication, therefore, Defendant violated 15 USC 1692g.

15. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

16. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

17. At all times pertinent hereto, Defendant as acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

### COUNT I – FDCPA

19. The above paragraphs are hereby incorporated herein by reference.

20. At all times relevant hereto, Defendant, Law Office of Vincent P. Cignarale, LLC was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| § 1692b(1): | Contact of Third Party: Stated that consumer owes any debt |
| § 1692c(a)(3): | At place of employment when knows that the employer prohibits such communications |
| § 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| § 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| § 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692e(2): | Character, amount, or legal status of alleged debt |
| § 1692e(4): | Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment |
| § 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| § 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| § 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Law Office of Vincent P. Cignarale, LLC for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

22. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

23. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

24. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

25. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

26. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

27. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

28. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

29. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

30. The foregoing paragraphs are incorporated herein by reference.

31. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

32. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

33. The actions of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

   a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

   b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

34. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

35. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

   a. An Order declaring that Defendant violated the UTPCPL;

   b. Actual damages;

   c. Treble damages;

d.  An award of reasonable attorney's fees and expenses and cost of suit; and

e.  Such additional relief as is deemed just and proper, or that the interest of justice may require.

### V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:  September 14, 2010       **BY: */s/ Bruce K. Warren BKW4066***
Bruce K. Warren, Esquire
**BY: */s/ Brent F. Vullings BFV8435***
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800    Fax 215-745-7880
Attorney for Plaintiff